# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1743 AGF |
| | ) | |
| TOM VILLMER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Thompson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

On April 13, 2008, a jury found petitioner guilty of first degree robbery and armed criminal action. *See State v. Thompson*, Case No. 22061-00504-01 (22nd Judicial Circuit, St. Louis City). Petitioner was sentenced to 15 years and 5 years, respectively, to run concurrently. *Id.* Petitioner immediately filed a direct appeal of his conviction, but the Missouri Court of Appeals upheld his conviction and sentence and denied the appeal on March 31, 2009. *See State v. Thompson*, Case No., ED 91310, 280 S.W.3d 168 (Mo.Ct.App. 2009). Petitioner filed his post-conviction motion to vacate the conviction, pursuant to Missouri Supreme Court Rule 29.15 on May 20, 2009. The motion was denied by the trial judge on June 14, 2010. *See Thompson v. State*, Case No.09-CC02275 (22nd Judicial Circuit, St. Louis City). Petitioner immediately appealed the denial

to the Missouri Court of Appeals, who affirmed the ruling of the trial court on June 7, 2011. *See Thompson v. State*, Case No. ED 95242, 341 S.W.3d 917 (Mo.Ct.App. 2010).

On July 18, 2011, petitioner placed his federal petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254 in the mail for filing in this Court. *See Thompson v. Dormire*, No. 4:11CV1335 AGF (E.D.Mo. 2014). Petitioner's claims were reviewed on the merits, and the application for habeas corpus was denied on July 31, 2014. *Id.* Petitioner did not appeal the ruling of this Court to the Eighth Circuit Court of Appeals. Instead, petitioner filed six petitions for writ of habeas corpus in state court seeking relief from his conviction and sentence which have all been denied. *See Thompson v. Lakey*, Case No. SC 94742 (Mo. 2015); *Thompson v. Villmer*, Case No. SC 95292 (Mo. 2015); *Thompson v. Lakey*, Case No. WD 78158 (Mo.Ct.App. 2014); *Thompson v. Villmer*, Case No. ED 103305 (Mo.Ct.App. 2015); *Thompson v. Spackler*, Case No. 15DK-CC0067 (43rd Judicial Circuit, Dekalb, 2015); and *Thompson v. Lakey*, Case No. 14DK-CC00130 (43rd Judicial Circuit, Dekalb, 2014).

In the instant action, petitioner again asserts that his convictions are unconstitutional. However, there is no evidence that he has obtained a certification from the Eighth Circuit Court of Appeals to bring the present action before this Court. To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been

granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition of Lamont Thompson for a writ of habeas corpus is **DENIED and DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that the Court will not grant a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of December, 2015.

AUDREY FLEISSIG
UNITED STATES DISTRICT JUDGE